SPENCER HAMER, Bar No. 182107
Spencer.Hamer@klgates.com
K&L GATES LLP
1 Park Place, 12th Floor
Irvine, CA 92614
Telephone: 949.253.0900
Fax No.: 949.253.0902

CARTER L. NORFLEET, Bar No. 318152
Carter.Norfleet@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: 310.552.5000
Fax No.: 310.552.5001

GREGORY T. LEWIS, Bar No. 323679
Greg.Lewis@klgates.com
K&L GATES LLP
2801 Vía Fortuna, Suite 650
Austin, TX 78746
Telephone: 512.482.6800
Fax No.: 512.482.6859


Attorneys for Defendant,
SHASTA BEVERAGES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHANGIR W. AHMAD, on behalf of himself, and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA BEVERAGES, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF GREGORY T. LEWIS IN SUPPORT OF DEFENDANT SHASTA BEVERAGES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 28 U.S.C. §§ 1332(a), 1441, & 1446— DIVERSITY JURISDICTION**<br><br>**[28 U.S.C. §§ 1332(a), 1441, & 1446]**<br><br>Los Angeles Superior Court Case No. 24STCV30350 (*originally filed in County of Los Angeles Superior Court on November 18, 2024*) |

## <u>DECLARATION OF GREGORY T. LEWIS</u>

I, Gregory T. Lewis, hereby declare and state as follows:

1.      I am an associate at the law firm of K&L Gates, counsel for Defendant Shasta Beverages, Inc. ("Defendant") in the above-titled matter.  I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California and am responsible for representing said Defendant in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Summons, Complaint, Notice of Case Assignment, Alternative Dispute Resolution Information Package, Civil Case Cover Sheet, Stipulation – Early Organizational Meeting, Stipulation – Informal Discovery Conference, Stipulation and Order – Motions in Limine, Order Pursuant to CCP 1054(a), and First Amended General Order  served on Defendant in the matter of *Jahangir W. Ahmad v. Shasta Beverages, Inc.,* and DOES 1 through 50, inclusive, Case No. 24STCV30350 (the "State Court Action"), personally served on Defendant's agent for service of process, National Registered Agents, Inc. on December 9, 2024.

3.      On January 7, 2025, Defendant filed an Answer to the Complaint in the state court action. Attached hereto as <u>Exhibit B</u> is a true and correct copy of the Answer Defendant filed.

4.      As of the date of this removal, it is my understanding that no other defendants have been named and no other parties have been named or validly served in this matter. It is also my understanding that, as of the date of this removal, no other pleadings, process, or orders have been served upon Defendant, or filed in the State Court Action, other than those attached hereto.

5.      Based on Plaintiff's Complaint, the class period runs from November 18, 2020, to the present.  There are approximately 216 weeks between November 18, 2020,

1  and the present.  Each of the approximately 400 non-exempt employees at issue could

2  have worked these 216 weeks, which would total 86,000 workweeks currently at issue

3  and growing.

4

5      Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under

6  the laws of the United States, that the foregoing is true and correct, and that this

7  declaration was executed on January 8, 2025, at Austin, Texas.

8

9                  */s/Gregory T. Lewis*

10                 Gregory T. Lewis

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GREGORY T. LEWIS



## Service of Process Transmittal Summary

**TO:**    Karen Leigh, Legal Coordinator
National Beverage Corporation
8100 SW 10TH ST STE 4000
PLANTATION, FL 33324-3224

**RE:**    **Process Served in California**

**FOR:**   SHASTA BEVERAGES, INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: JAHANGIR W. AHMAD, on behalf of himself and all others similarly situated // To: SHASTA BEVERAGES, INC. |
| **CASE #:** | 24STCV30350 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | National Registered Agents, Inc, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/09/2024 at 12:39 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Karen Leigh  KLEIGH@NATIONALBEVERAGE.COM |
| | Email Notification, Michael King  mking@nationalbeverage.com |
| **REGISTERED AGENT CONTACT:** | National Registered Agents, Inc
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
866-539-8692
CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**EXHIBIT A**



## PROCESS SERVER DELIVERY DETAILS

**Date:**                              Mon, Dec 9, 2024
**Server Name:**                       Juan Rodriguez

| Entity Served | SHASTA BEVERAGES, INC. |
|---|---|
| Case Number | 24STCV30350 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
11/18/2024 11:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SHASTA BEVERAGES, INC., a Delaware corporation; and Does 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JAHANGÍR W. AHMAD, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Spring Street Courthouse

312 North Spring Street, Los Angeles, CA 90012-3014

**CASE NUMBER:**
*(Número del Caso):*

**24STCV30350**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregg Lander, Esq. - D.Law, Inc. 1635 Pontius Avenue, Floor 2, Los Angeles, CA 90025-3361 - (424) 320-6420

DATE:
*(Fecha)* 11/18/2024

Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Secretario)* C. Vega *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Shasta Beverages, INC., a Delaware corporation
   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear
this form button after you have printed the form.

Print this form    Save this form    Clear this form

**EXHIBIT A**

1  Emil Davtyan, Esq. (#299363)
   Gregg Lander, Esq. (#194018)
2  Vanessa M. Ruggles, Esq. (#254031)
   Taylor B. Keaster, Esq. (#334715)
3  D.LAW, INC.
   1635 Pontius Avenue, Floor 2
4  Los Angeles, CA 90025-3361
   Tel.: (424) 320-6420 / Fax: (424) 320-6454
5  Emails: Emil@d.law, Gregg@d.law,
   Vanessa@d.law, Taylor@d.law
6
   Attorneys for Plaintiff Jahangir W. Ahmad,
7  on behalf of himself and all others similarly situated

**Electronically FILED by
Superior Court of California,
County of Los Angeles
11/18/2024 11:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk**

8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                 **FOR THE COUNTY OF LOS ANGELES**

12  JAHANGIR W. AHMAD, on behalf of      )    <u>CLASS ACTION</u>
    himself and all others similarly situated,   )
13                                         )    Case No. 24STCV30350
              Plaintiffs,                  )
14                                         )    **COMPLAINT FOR:**
          v.                               )
15                                         )    1. **FAILURE TO PAY ALL WAGES;**
    SHASTA BEVERAGES, INC., a Delaware     )    2. **FAILURE TO PAY ALL**
16  corporation; and Does 1 to 50, inclusive,  )       **OVERTIME WAGES AT THE**
                                           )       **LEGAL OVERTIME PAY RATE;**
17            Defendants.                  )    3. **FAILURE TO PROVIDE ALL**
                                           )       **MEAL PERIODS;**
18                                         )    4. **FAILURE TO AUTHORIZE AND**
                                           )       **PERMIT ALL PAID REST**
19                                         )       **PERIODS;**
                                           )    5. **DERIVATIVE FAILURE TO**
20                                         )       **TIMELY FURNISH ACCURATE**
                                           )       **ITEMIZED WAGE STATEMENTS;**
21                                         )    6. **INDEPENDENT FAILURE TO**
                                           )       **TIMELY FURNISH ACCURATE**
22                                         )       **ITEMIZED WAGE STATEMENTS;**
                                           )    7. **VIOLATIONS OF LABOR CODE**
23                                         )       **§§ 201-202; AND**
                                           )    8. **UNFAIR BUSINESS PRACTICES**
24  _____  )
                                               **DEMAND FOR JURY TRIAL**
25  ///

26  ///

27  ///

28  ///

                                   **- 1 -**
          **JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

EXHIBIT A

1    Plaintiff Jahangir W. Ahmad, an individual on behalf of himself and all others similarly

2    situated (collectively referred to as "Plaintiffs"), hereby files this Complaint against Defendant

3    Shasta Beverages Inc. and Does 1 to 50 (collectively referred to as "Defendants"). Plaintiffs are

4    informed and believe, and on the basis of that information and belief, allege as follows:

5                                                              **I.**

6                                                    **INTRODUCTION**

7        1.    This is a civil action seeking recovery for Defendants' violations of the California

8    Labor Code, California Business and Professions Code, the applicable Wage Orders issued by

9    the California Industrial Welfare Commission (the "IWC Wage Orders") and related common law

10   principles.

11       2.    Plaintiffs' action seeks monetary damages including full restitution from

12   Defendants as a result of Defendants' unlawful, fraudulent, and/or unfair business practices.

13       3.    The acts complained of herein occurred, occur and will occur, at least in part,

14   within the time period from four years preceding the filing of the original Complaint herein, up

15   to and through the time of trial for this matter (although this should not automatically be

16   considered the statute of limitations for any cause of action herein).

17   RELEVANT JOB TITLES

18       4.    For introductory and general information only (and not to be considered a

19   proposed class definition), the relevant individuals in this action are Defendants' non-exempt

20   employees who were subjected to Defendants' policies and practices as described herein. Any

21   differences in job activities between the different individuals in these positions were and are

22   legally insignificant to the issues presented by this action.

23   SUMMARY OF CLAIMS

24       5.    With regard to Defendants' non-exempt employees, Defendants have:

25          a.   Failed to pay straight time, minimum, and/or overtime wages for all hours

26              worked;

27          b.   Failed to pay all overtime wages at the legal overtime pay rate;

28          c.   Failed to provide all legally-required meal periods;

                                                         - 2 -
                          **JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1        d.  Failed to authorize and permit all paid legally-required rest periods;

2        e.  Derivatively failed to timely furnish accurate itemized wage statements;

3        f.  Independently failed to timely furnish accurate itemized wage statements;

4        g.  Violated Labor Code §§ 201-202; and

5        h.  Conducted unfair business practices.

6                        **II.**

7                    **PARTIES**

8  PLAINTIFF JAHANGIR W. AHMAD

9       6.    Plaintiff Jahangir W. Ahmad is an individual over the age of 18 and is now and/or

10  at all times mentioned in this Complaint was a citizen of the State of California.

11       7.    Plaintiff Jahangir W. Ahmad worked for Defendants as a Quality Control

12  Technician from approximately July 19, 2023 to April 10, 2024, in La Mirada, California, which

13  is in Los Angeles County, California.

14       8.    Plaintiff Jahangir W. Ahmad seeks recovery herein from Defendants because with

15  regard to Plaintiff Jahangir W. Ahmad, while acting for Defendants in his capacity as a non-

16  exempt employee, Defendants have:

17        a.  Failed to pay straight time, minimum, and/or overtime wages for all hours

18            worked;

19        b.  Failed to pay all overtime wages at the legal overtime pay rate;

20        c.  Failed to provide all legally-required meal periods;

21        d.  Failed to authorize and permit all paid legally-required rest periods;

22        e.  Derivatively failed to timely furnish accurate itemized wage statements;

23        f.  Independently failed to timely furnish accurate itemized wage statements;

24        g.  Violated Labor Code §§ 201-202; and

25        h.  Conducted unfair business practices.

26  DEFENDANT SHASTA BEVERAGES, INC.

27       9.    Defendant Shasta Beverages, Inc., is now and/or at all times mentioned in this

28  Complaint was a Delaware corporation and the owner and operator of an industry, business

- 3 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

<span style="color:red">**EXHIBIT A**</span>

1  and/or facility licensed to do business and actually doing business in the State of California.

2  DOES 1 TO 50, INCLUSIVE

3     10.   Does 1 to 50, inclusive, are now and/or at all times mentioned in this Complaint

4  were licensed to do business and/or actually doing business in California.

5     11.   Plaintiffs do not know the true names or capacities, whether individual, partner or

6  corporate, of Does 1 to 50, inclusive and for that reason, Does 1 to 50 are sued under such

7  fictitious names under California Code of Civil Procedure § 474.

8     12.   Plaintiffs will seek leave of court to amend this Complaint to allege such names

9  and capacities as soon as they are ascertained.

10  ALL DEFENDANTS

11    13.   Defendants, and each of them, are now and/or at all times mentioned in this

12  Complaint were in some manner legally responsible for the events, happenings, and

13  circumstances alleged in this Complaint. Defendants, and each of them, directly or indirectly, or

14  through an agent or any other person, employed or exercised control over the wages, hours, or

15  working conditions of Plaintiffs.

16    14.   Defendants, and each of them, proximately subjected Plaintiffs to the unlawful

17  practices, wrongs, complaints, injuries, and/or damages alleged in this Complaint.

18    15.   Defendants, and each of them, are now and/or at all times mentioned in this

19  Complaint were the agents, servants, and/or employees of some or all other Defendants, and

20  vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all

21  times mentioned in this Complaint were acting within the course and scope of that agency,

22  servitude, and/or employment.

23    16.   Defendants, and each of them, are now and/or at all times mentioned in this

24  Complaint were members of and/or engaged in a joint venture, partnership, and common

25  enterprise, and were acting within the course and scope and in pursuance of said joint venture,

26  partnership, and common enterprise.

27    17.   Defendants, and each of them, at all times mentioned in this Complaint concurred

28  and contributed to the various acts and omissions of each and every one of the other Defendants

- 4 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1  in proximately causing the complaints, injuries, and/or damages alleged in this Complaint.

2      18.    Defendants, and each of them, at all times mentioned in this Complaint approved

3  of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in

4  this Complaint.

5      19.    Defendants, and each of them, at all times mentioned in this Complaint aided and

6  abetted the acts and omissions of each and every one of the other Defendants thereby

7  proximately causing the damages alleged in this Complaint.

8                                   **III.**

9                    **JURISDICTION AND VENUE**

10      20.    The California Superior Court has jurisdiction in this matter due to Defendants'

11  aforementioned violations of California statutory law and/or related common law principles.

12      21.    The California Superior Court also has jurisdiction in this matter because both the

13  individual and aggregate monetary damages and restitution sought herein exceed the minimal

14  jurisdictional limits of the Superior Court and will be established at trial, according to proof.

15      22.    The California Superior Court also has jurisdiction in this matter because during

16  their employment with Defendants, Plaintiff Jahangir W. Ahmad and the members of the putative

17  Classes herein were all California citizens. Further, there is no federal question at issue, as the issues

18  herein are based solely on California statutes and law.

19      23.    Venue is proper in Los Angeles County under Code of Civil Procedure §§ 395(a)

20  and 395.5, in that liability arose there because at least some of the transactions that are the

21  subject matter of this Complaint occurred therein and/or each Defendant either is found,

22  maintains offices, transacts business, and/or has an agent therein.

23                                   **IV.**

24                    **CLASS ACTION ALLEGATIONS**

25      24.    Code of Civil Procedure § 382 provides in pertinent part, "[W]hen the question is

26  one of a common or general interest, of many persons, or when the parties are numerous, and it

27  is impracticable to bring them all before the court, one or more may sue or defend for the benefit

28  of all." Plaintiffs bring this suit as a class action under Code of Civil Procedure § 382.

                                   - 5 -

**EXHIBIT A**

25.     The putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

    a.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding the payment of straight time, minimum and/or overtime wages as specifically described herein (hereinafter, the "Wage Class");

    b.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding the calculation of overtime pay as specifically described herein (hereinafter, the "Overtime Rate Class");

    c.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding meal periods as specifically described herein (hereinafter, the "Meal Period Class");

    d.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were subjected to Defendants' policies and practices regarding paid rest periods as specifically described herein (hereinafter, the "Rest Period Class");

    e.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were derivatively subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Derivative Wage Statement Class");

    f.  All California citizens employed by Defendants as non-exempt employees (as defined, supra) during the appropriate time period who were independently subjected to Defendants' policies and practices regarding itemized wage statements as specifically described herein (hereinafter, the "Independent

- 6 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1    Wage Statement Class");

2    g.   All formerly-employed California citizens employed by Defendants as non-

3         exempt employees (as defined, supra) during the appropriate time period who

4         were subjected to Defendants' policies and practices regarding Labor Code §

5         203 and the payment of final wages as specifically described herein

6         (hereinafter, the "LC 203 Class"); and

7    h.   All California citizens employed by Defendants as non-exempt employees (as

8         defined, supra) during the appropriate time period regarding whom

9         Defendants have engaged in unlawful, unfair and/or fraudulent business acts

10        or practices prohibited by Business & Professions Code §§ 17200, et seq. as

11        specifically described herein (hereinafter, the "17200 Class").

12    26.   The Wage Class, Overtime Rate Class, Meal Period Class, Rest Period Class,

13   Derivative Wage Statement Class, Independent Wage Statement Class, LC 203 Class, and 17200

14   Class are herein collectively referred to as the "Classes."

15    27.   Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or

16   necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a

17   class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

18    28.   Numerosity (Code of Civil Procedure § 382):

19    a.   The potential quantity of members of the Classes as defined is so numerous

20         that joinder of all members is unfeasible and impractical;

21    b.   The disposition of the claims of the members of the Classes through this class

22         action will benefit both the parties and this Court;

23    c.   The quantity of members of the Classes is unknown to Plaintiffs at this time;

24         however, it is estimated that the membership of the Classes numbers greater

25         than 100 individuals; and

26    d.   The quantity and identity of such membership is readily ascertainable via

27         inspection of Defendants' records.

28   ///

- 7 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

EXHIBIT A

29.     Superiority (Code of Civil Procedure § 382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

    a.  California has a public policy that encourages the use of the class action device;

    b.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

    c.  This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

    d.  If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

    e.  Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being;

    f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

- 8 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

    i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

    ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

    iii)  inconsistent or varying verdicts or adjudications with respect to the individual members of the Classes against Defendants;

    iv)  potentially incompatible standards of conduct for Defendants; and

    v)  potentially incompatible legal determinations with respect to individual members of the Classes which would, as a practical matter, be dispositive of the interest of the other members of the Classes who are not parties to the adjudications or which would substantially impair or impede the ability of the members of the Classes to protect their interests.

h.  The claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attendant thereto;

i.  Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions; and

j.  The Supreme Court of California urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

30.  <u>Well-defined Community of Interest</u>: Plaintiffs also meet the established standards for class certification, as follows:

a.  <u>Typicality</u>: The claims of Plaintiff Jahangir W. Ahmad are typical of the claims of all members of the Classes he seeks to represent because all

EXHIBIT A

1  members of the Classes sustained injuries and damages arising out of

2  Defendants' common course of conduct in violation of law and the injuries

3  and damages of all members of the Classes were caused by Defendants'

4  wrongful conduct in violation of law, as alleged herein.

5      b.  Adequacy: Plaintiff Jahangir W. Ahmad:

6          i)    is an adequate representative of the Classes he seeks to represent;

7          ii)   will fairly protect the interests of the members of the Classes;

8          iii)  has no interests antagonistic to the members of the Classes; and

9          iv)  will vigorously pursue this suit via attorneys who are competent, skilled

10               and experienced in litigating matters of this type.

11      c.  Predominant Common Questions of Law or Fact: There are common

12  questions of law and/or fact as to the members of the Classes which

13  predominate over questions affecting only individual members of the Classes,

14  including, without limitation:

15          i)    Whether Defendants paid the legal and appropriate straight time pay,

16               minimum wage pay and/or overtime pay for all work hours to the

17               members of the Wage Class;

18          ii)   Whether Defendants paid all overtime wages owed to the members of

19               the Overtime Rate Class at the appropriate overtime pay rate;

20          iii)  Whether Defendants failed and continue to fail to provide legally-

21               required meal periods to the members of the Meal Period Class in

22               violation of the Labor Code and Section 11 of the IWC Wage Orders;

23          iv)  Whether Defendants failed and continue to fail to authorize and permit

24               paid legally-required rest periods to the members of the Rest Period

25               Class in violation of the Labor Code and Section 12 of the IWC Wage

26               Orders;

27          v)   Whether Defendants derivatively failed to timely furnish accurate,

28               itemized and legal wage statements to the members of the Derivative

- 10 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1  Wage Statement Class;

2  vi) Whether Defendants independently failed to timely furnish accurate,

3    itemized and legal wage statements to the members of the Independent

4    Wage Statement Class;

5  vii) Whether Defendants are liable under Labor Code § 203 to the members

6    of the LC 203 Class;

7  viii) Whether Defendants' conduct constitutes unfair competition within the

8    meaning of Business & Professions Code §§ 17200, et seq.;

9  ix) Whether the members of the Classes are entitled to compensatory

10    damages, and if so, the means of measuring such damages;

11  x) Whether the members of the Classes are entitled to injunctive relief;

12  xi) Whether the members of the Classes are entitled to restitution; and

13  xii) Whether Defendants are liable for attorneys' fees and costs.

14  31. Whether each member of the Classes might be required to ultimately justify an

15 individual claim does not preclude maintenance of a class action.

16 **V.**

17 **CAUSES OF ACTION**

18 **FIRST CAUSE OF ACTION**

19 **FAILURE TO PAY ALL WAGES**

20 **(On Behalf of the Wage Class)**

21 **(Against All Defendants)**

22  32. Plaintiffs incorporate by reference and reallege each and every one of the

23 allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

24 forth herein.

25  33. Labor Code § 204 establishes the fundamental right of all employees in the State

26 of California to be paid wages, including straight time and overtime, in a timely fashion for their

27 work.

28 ///

- 11 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

34.     Labor Code § 510(a) states in pertinent part, "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

35.     Labor Code § 1182.12 provides the statewide minimum wage in California.

36.     Labor Code § 1194(a) states, "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

37.     Further, under Labor Code § 1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

38.     Under Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

39.     Under the IWC Wage Order(s), Defendants are required to pay the members of the Wage Class for all hours worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work, whether or not required to do so.

40.     Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a.  Administered a uniform company policy and practice as to the pay policies regarding the members of the Wage Class;

    b.  Required the members of the Wage Class to spend time under Defendants' control for work-related tasks without compensation, including but not limited to requiring employees to wait in a long line before clocking in; and, as such,

    c.  Defendants suffered, permitted, and/or required the members of the Wage Class to work without paying for all time they were under Defendants'

- 12 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1    control.

2    41.    Because Defendants required the members of the Wage Class to remain under

3    Defendants' control without paying therefor, this resulted in the members of the Wage Class

4    earning less than the legal minimum wage in the State of California.

5    42.    Defendants' pattern, practice and uniform administration of corporate policy

6    regarding illegal employee compensation as described herein is unlawful and creates an

7    entitlement, under Labor Code § 218, to recovery by Plaintiffs and the members of the Wage

8    Class, in a civil action, of the unpaid balance of the full amount of wages owing, calculated at the

9    appropriate rate.

10    43.    Further, Defendants' pattern and practice in uniform administration of corporate

11    policy regarding Defendants' failure to pay the legal minimum wage to the members of the

12    Wage Class as described herein is unlawful and creates entitlement, under Labor Code § 1194(a),

13    to recovery by the members of the Wage Class, in a civil action, for the unpaid balance of the

14    full amount of the unpaid minimum wages owed, calculated as the difference between the

15    straight time compensation paid and the applicable minimum wage, including interest thereon.

16    44.    Under Labor Code § 1194.2(a) (which provides that in any action under Labor

17    Code § 1194, an employee shall be entitled to recover liquidated damages), the members of the

18    Wage Class seek recovery of liquidated damages in an amount equal to the wages unlawfully

19    unpaid and interest thereon.

20    45.    That calculation of individual damages for the members of the Wage Class may at

21    some point be required does not foreclose the possibility of taking common evidence on

22    questions regarding their entitlement to overtime compensation.

23    46.    Under Labor Code §§ 218.6 and 1194(a) and Civil Code § 3287, the members of

24    the Wage Class seek recovery of pre-judgment interest on all amounts recovered herein.

25    47.    Under Labor Code §§ 218.5 and/or 1194, the members of the Wage Class request

26    that the Court award reasonable attorneys' fees and costs incurred by them in this action.

27    ///

28    ///

- 13 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

EXHIBIT A

SECOND CAUSE OF ACTION

FAILURE TO PAY OVERTIME WAGES AT

THE APPROPRIATE OVERTIME PAY RATE

(On Behalf of the Overtime Rate Class)

(Against All Defendants)

48.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

49.    Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

50.    Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

51.    The "regular rate of pay" includes "all [applicable] remuneration paid to, or on behalf of the employee." See, e.g., 29 U.S.C. § 207(3). The California Industrial Welfare Commission applies this standard for determining an employee's regular rate of pay for overtime calculation purposes.

52.    Labor Code § 1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

53.    Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

///

- 14 -

JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT

**EXHIBIT A**

54.     Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a.  Administered a uniform company policy and practice regarding the payment of wages, including overtime, to the members of the Overtime Rate Class;

    b.  Scheduled and/or required the members of the Overtime Rate Class to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek;

    c.  Paid the members of the Overtime Rate Class at more than one rate of pay;

    d.  Did not calculate overtime pay using all such applicable rates of pay; and

    e.  As such, failed to pay the members of the Overtime Rate Class for all work accomplished in excess of forty (40) hours per week at the appropriate overtime rate as required by law, reflecting all applicable forms of remuneration.

55.     Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement, under Labor Code §§ 218 and 1194(a), to recovery by the members of the Overtime Rate Class, in a civil action, for the unpaid balance of the full amount of the overtime premiums owing.

56.     That calculation of individual damages for the members of the Overtime Rate Class may at some point be required does not foreclose the possibility of taking common evidence on questions regarding their entitlement to overtime compensation.

57.     Under Labor Code §§ 218.6 and 1194(a), and Civil Code § 3287, the members of the Overtime Rate Class seek recovery of pre-judgment interest on all amounts recovered herein.

58.     Under Labor Code §§ 218.5 and/or 1194, the members of the Overtime Rate Class request that the Court award reasonable attorneys' fees and costs incurred by them in this action.

///

///

- 15 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ALL MEAL PERIODS

#### (On Behalf of the Meal Period Class)

#### (Against All Defendants)

59.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

60.    Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health."

61.    Labor Code § 512 provides, "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

62.    Labor Code § 516 provides that the Industrial Welfare Commission "may adopt or amend working condition orders with respect to break periods, meal periods, and days of rest for any workers in California consistent with the health and welfare of those workers."

63.    Section 11(C) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The

- 16 -

**EXHIBIT A**

1  written agreement shall state that the employee may, in writing, revoke the agreement at any

2  time."

3      64.    Section 11(D) of the IWC Wage Order(s) provides "If an employer fails to

4  provide an employee a meal period in accordance with the applicable provisions of this order, the

5  employer shall pay the employee one (1) hour of pay at the employee's regular rate of

6  compensation for each workday that the meal period is not provided."

7      65.    On one or more occasions, the members of the Meal Period Class worked over

8  five hours per shift and therefore were entitled to an uninterrupted meal period of not less than

9  30 minutes prior to exceeding five hours of employment.

10     66.    Further, on one or more occasions, some members of the Meal Period Class

11 worked over 10 hours per shift and therefore were entitled to an uninterrupted second meal

12 period of not less than 30 minutes prior to exceeding 10 hours of employment.

13     67.    The members of the Meal Period Class did not validly or legally waive their meal

14 periods, by mutual consent with Defendants or otherwise.

15     68.    The members of the Meal Period Class did not enter into any written agreement

16 with Defendants agreeing to an on-the-job paid meal period.

17     69.    As a matter of Defendants' established company policy, Defendants failed to

18 always comply with the meal period requirements established by Labor Code §§ 226.7, 512, and

19 516 and Section 11 of the IWC Wage Order(s) by failing to always provide the members of the

20 Meal Period Class with a first and in some cases a second legally compliant meal period.

21     70.    Under Section 11(B) of the IWC Wage Order(s) and Labor Code § 226.7(c),

22 which states "If an employer fails to provide an employee a meal or rest or recovery period in

23 accordance with a state law, including, but not limited to, an applicable statute or applicable

24 regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and

25 Health Standards Board, or the Division of Occupational Safety and Health, the employer shall

26 pay the employee one additional hour of pay at the employee's regular rate of compensation for

27 each workday that the meal or rest or recovery period is not provided," the members of the Meal

28 Period Class are entitled to damages in an amount equal to one additional hour of pay at each

- 17 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1  employee's regular rate of compensation for each work day that one or more meal periods were

2  not provided to them, in a sum to be proven at trial.

3      71.    Under Labor Code § 218.6 and Civil Code § 3287, the members of the Meal

4  Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

5                              **FOURTH CAUSE OF ACTION**

6              **FAILURE TO AUTHORIZE AND PERMIT ALL PAID REST PERIODS**

7                            **(On Behalf of the Rest Period Class)**

8                                **(Against All Defendants)**

9      72.    Plaintiffs incorporate by reference and reallege each and every one of the

10  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

11  forth herein.

12      73.    Labor Code § 226.7(b) provides, "An employer shall not require an employee to

13  work during a meal or rest or recovery period mandated pursuant to an applicable statute, or

14  applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational

15  Safety and Health Standards Board, or the Division of Occupational Safety and Health."

16      74.    Labor Code § 516 provides that the Industrial Welfare Commission "may adopt or

17  amend working condition orders with respect to break periods, meal periods, and days of rest for

18  any workers in California consistent with the health and welfare of those workers."

19      75.    Section 12(A) of the IWC Wage Order(s) states, "Every employer shall authorize

20  and permit all employees to take rest periods, which insofar as practicable shall be in the middle

21  of each work period. The authorized rest period time shall be based on the total hours worked

22  daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

23  However, a rest period need not be authorized for employees whose total daily work time is less

24  than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours

25  worked for which there shall be no deduction from wages."

26      76.    Section 12(B) of the IWC Wage Order(s) states, "If an employer fails to provide

27  an employee a rest period in accordance with the applicable provisions of this order, the

28  employer shall pay the employee one (1) hour of pay at the employee's regular rate of

                                         - 18 -
                **JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1    compensation for each workday that the rest period is not provided."

2       77.    The members of the Rest Period Class sometimes worked over four hours per

3    shift. Further, the members of the Rest Period Class sometimes worked over six hours per shift

4    and in some cases over 10 hours per shift.

5       78.    The members of the Rest Period Class were entitled to a rest period of not less

6    than 10 minutes for every four hours of work or major fraction thereof.

7       79.    As a matter of Defendants' established company policy, Defendants failed to

8    always authorize and permit legally-compliant rest periods. Defendants did not authorize and

9    permit rest periods for shifts every four hours or major fraction thereof.

10       80.    Under Section 12 of the IWC Wage Order(s) and Labor Code § 226.7(b) which

11    states "if an employer fails to provide an employee a meal or rest period in accordance with an

12    applicable order of the Industrial Welfare Commission, the employer shall pay the employee one

13    additional hour of pay at the employee's regular rate of compensation for each work day that the

14    meal or rest period is not provided," the members of the Rest Period Class are entitled to

15    damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of

16    compensation for each work day that one or more rest periods were not so provided.

17       81.    Under Labor Code § 218.6 and Civil Code § 3287, the members of the Rest

18    Period Class seek recovery of pre-judgment interest on all amounts recovered herein.

19                           **FIFTH CAUSE OF ACTION**

20                     **DERIVATIVE FAILURE TO TIMELY**

21             **FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

22              **(On Behalf of the Derivative Wage Statement Class)**

23       82.    Plaintiffs incorporate by reference and reallege each and every one of the

24    allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

25    forth herein.

26       83.    Labor Code § 226(a) states in pertinent part, "Every employer shall, semimonthly

27    or at the time of each payment of wages, furnish each of his or her employees, either as a

28    detachable part of the check, draft, or voucher paying the employee's wages, or separately when

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee...."

84.    Further, the IWC Wage Orders § 7(A) states in pertinent part, "(A) Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked in the payroll period and applicable rates of pay...."

85.    Therefore, under Labor Code § 226(a) and the IWC Wage Orders § 7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Derivative Wage Statement Class, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

86.    As a pattern and practice, in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants did not and still do not furnish each of the members of the Derivative Wage Statement Class with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

87.    As set forth herein in prior causes of action, Defendants failed to pay the members of the Derivative Wage Statement Class all wages due and owing.

88.    As a derivative result of this failure to pay wages and as a pattern and practice in violation of Labor Code § 226(a) and the IWC Wage Orders § 7(A), Defendants knowingly and intentionally failed to furnish accurate wage statements to the members of the Derivative Wage Statement Class, including, but not limited to, failing to provide the beginning and ending of

- 20 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1   each work period, meal period interval, total daily hours worked, total hours worked per pay

2   period, and the applicable rates of pay.

3       89.    Here, the members of Derivative Wage Statement Class suffered injury because,

4   due to Defendants' failure to pay all wages due and owing, Defendants derivatively failed to

5   provide accurate and complete information as required by one or more items listed in Labor

6   Code § 226(a)(1)-(9).

7       90.    In addition, the members of the Derivative Wage Statement Class have suffered

8   injury as a result of Defendants' failure to maintain accurate records for the members of the

9   Derivative Wage Statement Class in that the members of the Derivative Wage Statement Class

10  were not timely provided written accurate itemized statements showing all requisite information,

11  including but not limited to total hours worked by the employee, net wages earned and all

12  applicable hourly rates in effect during the pay period and the corresponding number of hours

13  worked at each hourly rate, in violation of Labor Code § 226 and the IWC Wage Orders § 7(A),

14  such that the members of the Derivative Wage Statement Class were misled by Defendants as to

15  the correct information regarding various items, including but not limited to total hours worked

16  by the employee, net wages earned and all applicable hourly rates in effect during the pay period

17  and the corresponding number of hours worked at each hourly rate.

18      91.    The actual injuries suffered by the members of the Derivative Wage Statement

19  Class as a result of Defendants' knowing and intentional failure to provide accurate records for

20  the members of the Derivative Wage Statement Class include but are not limited to:

21          a.  Confusion over whether they received all wages owed them by Defendants;

22          b.  The difficulty and expense of attempting to reconstruct time and pay records;

23          c.  Being forced to engage in mathematical computations to analyze whether

24              Defendants' wages in fact compensated for all hours worked;

25          d.  The inability to accurately calculate wage rates complicated by the fact that

26              wage statement information required by Labor Code § 226 is missing;

27          e.  That such practice prevents the members of the Derivative Wage Statement

28              Class from being able to effectively challenge information on their wage

- 21 -
**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

EXHIBIT A

1    statements; and/or

2         f.   The difficulty and expense of filing and maintaining this lawsuit, and the

3            discovery required to collect and analyze the very information that California

4            law requires.

5       92.   Under Labor Code § 226(e), the members of the Derivative Wage Statement

6    Class are entitled to $50.00 per employee for the initial pay period in which a violation

7    hereunder occurs and $100.00 per employee for each violation in a subsequent pay period, not

8    exceeding an aggregate penalty of $4,000.00.

9       93.   Under Labor Code § 226(g), the currently-employed members of the Derivative

10    Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with

11    Labor Code § 226.

12       94.   Under Labor Code §§ 226(e)/(g), the members of the Derivative Wage Statement

13    Class are also entitled to an award of costs and reasonable attorneys' fees.

14                    **SIXTH CAUSE OF ACTION**

15                    **INDEPENDENT FAILURE TO TIMELY**

16            **FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

17            **(On Behalf of the Independent Wage Statement Class)**

18                    **(Against All Defendants)**

19       95.   Plaintiffs incorporate by reference and reallege each and every one of the

20    allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

21    forth herein.

22       96.   Labor Code § 226(a) states in pertinent part, "Every employer shall, semimonthly

23    or at the time of each payment of wages, furnish each of his or her employees, either as a

24    detachable part of the check, draft, or voucher paying the employee's wages, or separately when

25    wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)

26    gross wages earned, (2) total hours worked by the employee, except for any employee whose

27    compensation is solely based on a salary and who is exempt from payment of overtime under

28    subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3)

- 22 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period…"

97.    As a pattern and practice, in violation of Labor Code § 226(a), Defendants did not and still do not furnish each of the members of the Independent Wage Statement Class with an accurate itemized statement in writing showing all applicable hourly rates in effect during the pay period.

98.    Here, the members of Independent Wage Statement Class suffered injury because Defendants failed to provide accurate and complete information as required by one or more items listed in Labor Code § 226(a)(1)-(9) and the Independent Wage Statement Class members could not and cannot promptly and easily ascertain required information without reference to other documents or information.

99.    In addition, the members of the Independent Wage Statement Class have suffered injury as a result of Defendants' failure to provide accurate records for the members of the Independent Wage Statement Class in that the members of the Independent Wage Statement Class were not timely provided written accurate itemized statements showing all required information, including but not limited to all applicable hourly rates in effect during the pay period, in violation of Labor Code § 226, such that the members of the Independent Wage Statement Class were misled by Defendants as to the correct information regarding various items, including but not limited to all applicable hourly rates in effect during the pay period.

100.    The actual injuries suffered by the members of the Independent Wage Statement Class as a result of Defendants' knowing and intentional failure to provide accurate records for

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1   the members of the Independent Wage Statement Class include but are not limited to:

2         a.  That such practice prevents the members of the Independent Wage Statement

3             Class from being able to effectively challenge information on their wage

4             statements; and/or

5         b.  The difficulty and expense of filing and maintaining this lawsuit and the

6             discovery required to collect and analyze the very information that California

7             law requires.

8       101.   Under Labor Code § 226(e), the members of the Independent Wage Statement

9   Class are entitled to $50.00 per employee for the initial pay period in which a violation

10   hereunder occurs and $100.00 per employee for each violation in a subsequent pay period, not

11   exceeding an aggregate penalty of $4,000.00.

12       102.   Under Labor Code § 226(g), the currently-employed members of the Independent

13   Wage Statement Class are entitled to injunctive relief to ensure Defendants' compliance with

14   Labor Code § 226.

15       103.   Under Labor Code §§ 226(e)/(g), the members of the Independent Wage

16   Statement Class are also entitled to an award of costs and reasonable attorneys' fees

17   **SEVENTH CAUSE OF ACTION**

18   **VIOLATIONS OF LABOR CODE §§ 201-202**

19   **(On Behalf of the LC 203 Class)**

20   **(Against All Defendants)**

21       104.   Plaintiffs incorporate by reference and reallege each and every one of the

22   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

23   forth herein.

24       105.   Labor Code § 203 provides that if an employer willfully fails to pay, without

25   abatement or reduction, in accordance with Labor Code §§ 201 and 202, any wages of an

26   employee who is discharged or who quits, the wages of the employee shall continue at the same

27   rate, for up to 30 days from the due date thereof, until paid or until an action therefor is

28   commenced.

- 24 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

106.    The members of the LC 203 Class are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

107.    Defendants had a consistent and uniform policy, practice, and procedure of willfully failing to pay the earned wages of Defendants' former employees, as set forth above, according to amendment or proof.

108.    As set forth above, Defendants willfully failed to pay the members of the LC 203 Class their entire wages due and owing at the time of their termination or within seventy-two hours of their resignation and failed to pay those sums for up to 30 days thereafter.

109.    Defendants' willful failure to pay wages to the members of the LC 203 Class violates Labor Code § 203 because Defendants knew or should have known wages were due to the members of the LC 203 Class, as set forth above, but Defendants failed to pay them.

110.    Thus, the members of the LC 203 Class are entitled to recovery under Labor Code § 203.

## VI.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

a.  That the Court issue an Order certifying the Classes herein, appointing all named Plaintiffs as representative of all others similarly situated, and appointing all law firms representing all named Plaintiffs as counsel for the members of the Classes;

As to the First Cause of Action for Failure to Pay All Wages:

b.  For recovery of the unpaid balance of the full amount of the straight time compensation due and owing, according to proof;

c.  For liquidated damages as authorized by Labor Code § 1194.2(a);

d.  For recovery of the unpaid balance of the full amount of overtime compensation due and owing, calculated at the appropriate rate and according to proof;

e.  For pre-judgment interest as allowed by Labor Code §§ 218.6 and 1194(a) and Civil Code § 3287;

///

- 25 -

JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT

**EXHIBIT A**

1       f.  For an award of reasonable attorneys' fees and costs under Labor Code §§ 218.5

2          and/or 1194(a);

3  As to the Second Cause of Action for Failure to Pay Overtime Wages at the Appropriate

4  Overtime Pay Rate:

5       g.  For damages, as set forth in Labor Code § 1194(a) and the IWC Wage Order(s)

6          regarding wages due and owing, according to proof;

7       h.  For pre-judgment interest as allowed by Labor Code § 218.6, Labor Code § 1194(a)

8          and Civil Code § 3287;

9       i.  For an award of reasonable attorneys' fees and costs under Labor Code § 218.5

10         and/or Labor Code § 1194(a);

11  As to the Third Cause of Action for Failure to Provide Meal Periods:

12       j.  For one hour of pay at the regular rate of compensation for each member of the Meal

13         Period Class for each workday that a meal or rest period was not provided;

14       k.  For an award of reasonable attorneys' fees and costs under Labor Code § 218.5;

15       l.  For pre-judgment interest as authorized by Labor Code § 218.6 and Civil Code §

16         3287;

17  As to the Fourth Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

18       m.  For one hour of pay at the regular rate of compensation for each member of the Rest

19         Period Class for each workday that a meal or rest period was not provided;

20       n.  For an award of reasonable attorneys' fees and costs under Labor Code § 218.5;

21       o.  For pre-judgment interest as authorized by Labor Code § 218.6 and Civil Code §

22         3287;

23  As to the Fifth Cause of Action for Derivative Failure to Timely Furnish Accurate Itemized

24  Wage Statements:

25       p.  For recovery as authorized by Labor Code § 226(e);

26       q.  For an award of costs and reasonable attorneys' fees under Labor Code §§ 226(e)/(g);

27  ///

28  ///

- 26 -

**JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

1    As to the Sixth Cause of Action for Independent Failure to Timely Furnish Accurate Itemized

2    Wage Statements

3          r.  For recovery as authorized by Labor Code § 226(e);

4          s.  For an award of costs and reasonable attorneys' fees under Labor Code §§ 226(e)/(g);

5    As to the Seventh Cause of Action for Violations of Labor Code §§ 201-202:

6          t.  For recovery as authorized by Labor Code § 203;

7    As to All Causes of Action:

8          u.  For such relief as this Court may deem just and proper, including reasonable

9            attorneys' fees and costs incurred.

10                                 **VII.**

11                  **DEMAND FOR JURY TRIAL**

12   Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

13   Dated: November 18, 2024             D.LAW, INC.

14

15                              By: _Gregg Lander_
                                       Emil Davtyan, Esq.

16                                     Gregg Lander, Esq.
                                       Vanessa M. Ruggles, Esq.

17                                     Taylor B. Keaster, Esq.
                                         Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

                                   - 27 -

      **JAHANGIR W. AHMAD v. SHASTA BEVERAGES, INC. – COMPLAINT**

**EXHIBIT A**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/18/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ C. Vega _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br><br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>24STCV30350 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Laura A. Seigle | 17 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   David W. Slayton, Executive Officer / Clerk of Court

on 11/19/2024 _____          By C. Vega _____, Deputy Clerk
      (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

**EXHIBIT A**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**EXHIBIT A**

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**EXHIBIT A**

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
     (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

**EXHIBIT A**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Gregg Lander, Esq. (#194018)
D.Law, Inc. 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361

TELEPHONE NO.: (424) 320-6420          FAX NO.: (424) 320-6454
EMAIL ADDRESS: Gregg@d.law
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 North Spring Street
MAILING ADDRESS: 312 North Spring Street
CITY AND ZIP CODE: Los Angeles, CA 90012-3014
BRANCH NAME: Spring Street Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
11/18/2024 11:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Vega, Deputy Clerk**

CASE NAME:
Jahangir W. Ahmad v. Shasta Beverages, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited | [ ] Counter    [ ] Joinder | 24STCV30350 |
| (Amount demanded exceeds $35,000) | (Amount demanded is $35,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 18, 2024

Gregg Lander
_____
(TYPE OR PRINT NAME)

▶ _Gregg Lander_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

**EXHIBIT A**



**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner
  Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic
  relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case (non-tort/non-complex)
 Other Civil Complaint
  *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

For your protection and privacy, please press the Clear

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jahangir W. Ahmad v. Shasta Beverages, Inc. | 24STCV30350 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jahangir W. Ahmad v. Shasta Beverages, Inc. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jahangir W. Ahmad v. Shasta Beverages, Inc. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23        CIVIL CASE COVER SHEET ADDENDUM        LASC Local Rule 2.3
For Mandatory Use                 AND STATEMENT OF LOCATION

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jahangir W. Ahmad v. Shasta Beverages, Inc. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**EXHIBIT A**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Jahangir W. Ahmad v. Shasta Beverages, Inc. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 14405 E. Artesia Blvd. | |
|---|---|---|
| CITY: La Mirada | STATE: CA | ZIP CODE: 90012 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _November 18, 2024_          _Gregg Lander_ (signature)
                                        (SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**EXHIBIT A**





**Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

**EXHIBIT A**



## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations
   to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
   cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
   should carefully review the Notice and other information they may receive about (ODR)
   requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

**EXHIBIT A**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

**EXHIBIT A**



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".
          (INSERT DATE)            (INSERT DATE)

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢  _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢  _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢  _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢  _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢  _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢  _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢  _____
(ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

| Print | Save | | Clear |
|---|---|---|---|

**EXHIBIT A**



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

     a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

     b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**EXHIBIT A**



| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

☐ Print    ☐ Save    ☐ Clear

**EXHIBIT A**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

**EXHIBIT A**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**EXHIBIT A**

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re ) | ORDER PURSUANT TO CCP 1054(a), |
| Use of Voluntary Efficient Litigation ) | EXTENDING TIME TO RESPOND BY |
| Stipulations ) | 30 DAYS WHEN PARTIES AGREE |
| ) | TO EARLY ORGANIZATIONAL |
| ) | MEETING STIPULATION |
| _____ ) | |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

**EXHIBIT A**

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

**EXHIBIT A**

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_    _____

5                           Carolyn B. Kuhl, Supervising Judge of the
                            Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

**EXHIBIT A**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) <br> – MANDATORY ELECTRONIC FILING ) <br> FOR CIVIL ) <br> ) <br> ) <br> ) | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

**EXHIBIT A**

2019-GEN-014-00

1    e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a

2        person or entity that receives an electronic filing from a party for retransmission to the Court.

3        In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an

4        agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

5    f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of

6        Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision

7        (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule

8        2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or

9        process attached to or logically associated with an electronic record and executed or adopted

10       by a person with the intent to sign the electronic record.

11   g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place

12       in a hypertext or hypermedia document to another in the same or different document.

13   h) **"Portable Document Format"**  A digital document format that preserves all fonts,

14       formatting, colors and graphics of the original source document, regardless of the application

15       platform used.

16  2) MANDATORY ELECTRONIC FILING

17   a) Trial Court Records

18       Pursuant to Government Code section 68150, trial court records may be created, maintained,

19       and preserved in electronic format.  Any document that the Court receives electronically must

20       be clerically processed and must satisfy all legal filing requirements in order to be filed as an

21       official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

22   b) Represented Litigants

23       Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to

24       electronically file documents with the Court through an approved EFSP.

25   c) Public Notice

26       The Court has issued a Public Notice with effective dates the Court required parties to

27       electronically file documents through one or more approved EFSPs.  Public Notices containing

28       effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

**EXHIBIT A**

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i) Depositions;

    ii) Declarations;

    iii) Exhibits (including exhibits to declarations);

    iv) Transcripts (including excerpts within transcripts);

    v) Points and Authorities;

    vi) Citations; and

    vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

**EXHIBIT A**

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

**EXHIBIT A**

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

---

7
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

**EXHIBIT A**

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/07/2025 5:28 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Smith, Deputy Clerk

1   SPENCER HAMER, Bar No. 182107
    Spencer.Hamer@klgates.com
2   K&L GATES LLP
    1 Park Place, 12th Floor
3   Irvine, CA  92614
    Telephone:    949.253.0900
4   Fax No.:       949.253.0902

5   CARTER L. NORFLEET, Bar No. 318152
    Carter.Norfleet@klgates.com
6   K&L GATES LLP
    10100 Santa Monica Blvd., 8th Floor
7   Los Angeles, CA 90067
    Telephone:    310.552.5000
8   Fax No.:       310.552.5001

9   GREGORY T. LEWIS, Bar No. 323679
    Greg.Lewis@klgates.com
10  K&L GATES LLP
    2801 Vía Fortuna, Suite 650
11  Austin, TX 78746
    Telephone:    512.482.6800
12  Fax No.:       512.482.6859

13  Attorneys for Defendant,
    SHASTA BEVERAGES, INC.

14

15              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

16                     FOR THE COUNTY OF LOS ANGELES

17  JAHANGIR W. AHMAD, on behalf of himself,        Case No.  24STCV30350
    and all others similarly situated,
18                                                  **DEFENDANT SHASTA BEVERAGES,**
                  Plaintiffs,                       **INC.'S ANSWER TO PLAINTIFF'S**
19                                                  **COMPLAINT AND AFFIRMATIVE**
          v.                                        **DEFENSES**
20
    SHASTA BEVERAGES, INC., a Delaware
21  corporation; and DOES 1 through 50, inclusive,

22                Defendants.

23

24

25

26

27

28

    ────────────────────────────────────────────────────────────
         DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

    321983815.1

                                                              **EXHIBIT B**

Defendant Shasta Beverages, Inc. hereby answers Plaintiff's Complaint (the "Complaint") as follows:

## I.     GENERAL DENIAL

Defendant generally denies each and every allegation contained in Plaintiff's Complaint, and further denies that Plaintiff and/or the putative class members are entitled to equitable or injunctive relief, compensatory damages, economic and/or special damages, unpaid wages, penalties, restitution, interest, attorneys' fees, costs of suit, or any other relief of any kind whatsoever.

## II.     AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses.  By asserting these defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below.  Moreover, Defendant does not presently know all the factors concerning the conduct of Plaintiffs sufficient to state all affirmative defenses at this time.  Accordingly, Defendant will seek leave to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

1.     The Complaint and each cause of action alleged therein fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

2.     The Complaint is barred, in whole or in part, by the applicable statute(s) of limitation, including without limitation, Civil Procedure sections 338(a), 340(a) and 343, California Labor Code section 203(b) and California Business and Professions Code section 17208.

### THIRD AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

3.     The Complaint, and each cause of action set forth therein, or some of them, is barred because the named Plaintiff lacks standing as a representative of the proposed class and does not adequately represent the putative class members.

---

321983815.1

**EXHIBIT B**

**FOURTH AFFIRMATIVE DEFENSE**

**(PRIMARY JURISDICTION DOCTRINE)**

4.      The Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff, and any putative class members, should be forced to pursue their administrative remedies with the Division of Labor Standards Enforcement or the Labor Workforce Development Agency, which have primary jurisdiction over Plaintiff and the putative class's claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

5.      Defendant is informed and believes, and based upon such information and belief alleges the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(LACHES)**

6.      Defendant is informed and believes, and based upon such information and belief alleges the Complaint, and each purported cause of action alleged therein, is untimely and barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

7.      Defendant is informed and believes, and based upon such information and belief alleges the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(WAIVER)**

8.      Defendant is informed and believes, and based upon such information and belief alleges the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff, and any putative class members, have engaged in conduct and activity sufficient to constitute a waiver of any right to assert the claims upon which relief is now sought.

/ / /

3.

321983815.1

**EXHIBIT B**

**NINTH AFFIRMATIVE DEFENSE**

**(RELEASE)**

9.      The claims in the Complaint are barred, in whole or in part, to the extent that Plaintiff or any of the putative class members have released the alleged claims against Defendant.

**TENTH AFFIRMATIVE DEFENSE**

**(ACQUIESCENCE/CONSENT)**

10.      Defendant is informed and believes, and based upon such information and belief alleges Plaintiff's claims and the claims of any putative class members are barred because Plaintiff, and any putative class members, acquiesced or consented to the conduct about which they now complain.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(NO CAUSATION)**

11.      Plaintiff's alleged damages, if any, were caused by circumstances and conduct other than that alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

**(NO LOSS/UNJUST ENRICHMENT)**

12.      Plaintiff and any putative class members have not suffered any loss, and Defendant has not been unjustly enriched as a result of any action or inaction of Defendant or its agents. Hence, Plaintiffs are not entitled to any restitution.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(JUSTIFIED RELIANCE)**

13.      Defendant is informed and believes, and based upon such information and belief alleges, each of the causes of action in Plaintiffs' Complaint and/or the damages arising from such causes of action are barred by the doctrine of justified reliance.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(*DE MINIMIS* ACTIVITIES)**

14.      Defendant is informed and believes, and based upon such information and belief alleges the Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because, assuming *arguendo* that Plaintiff or any putative class members were not compensated for

4.

**EXHIBIT B**

all hours worked, any such work was *de minimis* and therefore not compensable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (LEGITIMATE BUSINESS PURPOSE)

15.     Defendant alleges that it cannot be liable for any alleged violation of Business and Professions Code sections 17200, *et seq.*, because any such action, conduct, and/or dealings with Plaintiff or putative class members, if any, were lawful, and were carried out in good faith and for legitimate business and economic considerations.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO COMPLY WITH EMPLOYER INSTRUCTIONS)

16.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiff and the putative class failed to comply with all the directions of their employer concerning the services for which they were engaged. (Lab. Code § 2856).

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)

17.     Defendant is informed and believes, and based upon such information and belief alleges the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff, and any putative class members, failed to exhaust their administrative remedies before filing suit.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (FAILURE TO EXHAUST INTERNAL REMEDIES)

18.     Defendant is informed and believes, and based upon such information and belief alleges the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff and the putative class failed to exhaust their internal remedies before filing suit.

## NINETEENTH AFFIRMATIVE DEFENSE

### (SET-OFF/OFFSET/RECOUPMENT)

19.     The Complaint, and each and every purported cause of action alleged therein, is subject to setoff, offset, and/or recoupment to the extent that Plaintiff or the putative class members have already been compensated for the hours worked for which they seek compensation.

/ / /

5.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

EXHIBIT B

1                      **TWENTIETH AFFIRMATIVE DEFENSE**

2                             **(SAFE HARBOR)**

3         20.      Defendant is informed and believes, and based upon such information and belief alleges

4 Plaintiff's claim based upon California Business and Professions Code sections 17200, *et seq.*, is

5 barred because the conduct alleged falls within a safe harbor.

6                   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

7                       **(GOOD FAITH DEFENSE)**

8         21.      Plaintiff's claims, or parts thereof, are barred because Plaintiff are not entitled to any

9 penalty award under section 203 of the Labor Code because Defendant maintained a good faith defense

10 in law or fact, and had reasonable grounds for believing that it did not violate the provisions of the

11 Labor Code or the applicable Industrial Welfare Commission Wage Order.

12               **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13     **(LABOR CODE SECTIONS 201 AND 202 – GOOD FAITH DISPUTE)**

14         22.      The Complaint fails to state a claim for penalties under the California Labor Code

15 because (1) there are bona fide good faith disputes as to whether further compensation is due to

16 Plaintiff and/or the putative class members, and if so, as to the amount of such further compensation;

17 (2) Defendant has not willfully failed to pay such additional compensation, if any is owed; and (3) to

18 impose penalties in this case would be inequitable and unjust.

19                **TWENTY-THIRD AFFIRMATIVE DEFENSE**

20            **(CIVIL PENALTIES UNCONSTITUTIONAL)**

21         23.      The penalties sought in Plaintiff's Complaint violate the Due Process and Excessive

22 Fines Clauses of the United States and California Constitutions.

23               **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24             **(ADEQUACY OF REMEDY AT LAW)**

25         24.      Defendant is informed and believes, and based upon such information and belief alleges

26 Plaintiff's claim for equitable relief fails because Plaintiff and putative class members may pursue

27 adequate legal remedies.

28 / / /

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

321983815.1

**EXHIBIT B**

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(MISREPRESENTATION)**

25.    Plaintiff's claims are barred, in whole or in part, because in doing the things alleged in the Complaint, Defendant acted in reliance on misrepresentations by Plaintiff and the putative class members, including but not limited to misrepresentations regarding meal and rest breaks and hours worked.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(DETRIMENTAL RELIANCE)**

26.    Plaintiff and/or members of the putative class are barred from recovering any relief on the Complaint or any purported cause of action alleged therein because Defendant relied on representations made by Plaintiff and/or members of the putative class in taking actions alleged in the Complaint and/or Defendant took such actions, if any, because Plaintiff and/or members of the putative class failed to notify Defendant of necessary information and/or deliberately prevented Defendant from acquiring knowledge of such information.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(MEAL AND REST BREAKS PERIODS PROVIDED)**

27.    Plaintiff and the putative class he seeks to represent have no right to a premium payment under California Labor Code section 226.7 because they (1) failed to take breaks that were provided to them in compliance with California law, (2) chose not to take the breaks that were authorized and permitted, (3) chose not to take breaks without permission or the actual or constructive knowledge of Defendant, or (4) waived their right to meal breaks under California Labor Code section 512(a).

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(LACK OF MANAGEABILITY)**

28.    The Complaint, and each cause of action set forth therein, or some of them, are barred because of difficulties likely to be encountered that render the action unmanageable, as a class action, in part because (1) of the degree and number of complex factual issues, (2) penalties cannot be calculated on a class basis, (3) any penalties and liability that might be proved would not be identical

7.

321983815.1

**EXHIBIT B**

for all current or former employees, (4) would be contrary to the legislative intent of Labor Code section 382, and (5) Plaintiff's attempts to include any overbroad group of individuals in his class are overinclusive and facially unmanageable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (CLASS ACTION STATUS UNCONSTITUTIONAL)

29.     The Complaint, and each cause of action set forth therein, or some of them, is barred because certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution and/or a denial of Defendant's equal protection rights.

### THIRTIETH AFFIRMATIVE DEFENSE

### (NO WILLFUL OR INTENTIONAL VIOLATION)

30.     The Complaint fails to state a claim for penalties under California Labor Code section 203 because Defendant did not willfully or intentionally violate Labor Code sections 201 or 202.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (WAITING TIME PENALTIES – STATUTE OF LIMITATIONS)

31.     Any claims for statutory or civil penalties pursuant to Labor Code section 203 and Labor Code section 2698 et seq. are barred, in whole or in part, by the statute of limitations, as any claim stopped accruing upon the filing of the Complaint.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (NO INJURY OR STANDING FOR WAGE STATEMENT CLAIM)

32.     Plaintiff and the putative class did not suffer injury as a result of any failure to provide accurate itemized wage statements and so lack standing to assert a claim under California Labor Code section 226.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (SECTION 17200 UNCONSTITUTIONAL)

33.     Prosecution of a class action on behalf of the general public under California Business and Professions Code section 17200, *et seq.*, is unconstitutionally vague and overbroad and, as applied

8.

321983815.1

**EXHIBIT B**

to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, and right to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution, in that it would prevent Defendant from raising individual defenses against each putative class member.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (RES JUDICATA, CLAIM SPLITTING, AND COLLATERAL ESTOPPEL)

34.    The Complaint is barred, in whole or in part, by the doctrines of res judicata, claim splitting, and/or collateral estoppel, to the extent that Plaintiffs, the putative class members, or other putative beneficiaries of this action has asserted in prior legal or administrative proceedings, either as an individual or member of a class, that he or she was denied meal or rest breaks, entitled to payment for minimum wages, overtime wages, business expenses, penalties or damages under California Labor Code sections 201, 201.3, 202, 203, 204, 210, 226, 226.7, 510, 512, 558, 1194, 1198, 2800, or 2802, and did not prevail on such claim.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (LACK OF SPECIFICITY)

35.    The claim of unfair business practices in violation of California Business and Professions Code sections 17200, et seq., is barred because it fails to plead specific facts capable of stating a claim for unfair business practices.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (BINDING ARBITRATION AGREEMENT)

36.    Defendant alleges that the Complaint is barred, in whole or in part, because Plaintiff and some or all of the putative class members that Plaintiff seeks to represent have entered into agreement(s) to submit their claims against Defendant, including claims for unpaid wages, to final and binding arbitration.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (NO COMMONALITY)

37.    Defendant alleges that the Complaint is not proper for treatment as a class action because Plaintiff and/or the alleged putative class members' claims lack commonality and do not share

9.

**EXHIBIT B**

a common question of law or fact, requiring individualized proof of facts.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (NO NUMEROSITY)

38.    Defendant alleges that the Complaint is not proper for treatment as a class action because Plaintiff cannot establish that members of the class are so numerous that joinder is impracticable.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (INADEQUATE CLASS REPRESENTATIVE)

39.    Defendant alleges that the Complaint is not proper for treatment as a class action because Plaintiff is an inadequate class representative to the claims asserted.

### FORTIETH AFFIRMATIVE DEFENSE

### (LACK OF ASCERTAINABILITY)

40.    Defendant alleges that the Complaint is not proper for treatment as a class action because members of the putative classes that Plaintiff purports to represent, the existence of which Defendant expressly denies, lack ascertainability.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (NO PREJUDGMENT INTEREST)

41.    The Complaint fails, in whole or in part, to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (NO ATTORNEYS' FEES)

42.    The Complaint fails, in whole or in part, to state a claim for which attorneys' fees and costs may be granted, particularly as to, inter alia, claims for failure to provide meal and rest break.

WHEREFORE, Defendant prays that:

1.    Plaintiffs take nothing by their Complaint;

2.    The Complaint be dismissed, in its entirety, with prejudice;

10.

321983815.1

**EXHIBIT B**

1          3.     Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

2          4.     The Court award Defendant such further relief as it deems just and proper.

3   Dated:     January 7, 2025         K&L GATES LLP

By: _____
Spencer Hamer
Carter L. Norfleet
Gregory T. Lewis
Attorneys for Defendant
SHASTA BEVERAGES, INC.

11.

321983815.1

**EXHIBIT B**

1  **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California, over the age of eighteen
years, and not a party of the within action.  My business address is 10100 Santa Monica Blvd, Eighth
3  Floor, Los Angeles, CA 90067.

4      On **January 7, 2025** , I served the foregoing document(s) described as: **DEFENDANT
SHASTA BEVERAGES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND**
5  **AFFIRMATIVE DEFENSES** on the interested parties in this as follows:

6                       Emil Davtyan, Esq.
                     Gregg Lander, Esq.
7                       Vanessa M. Ruggles, Esq.
                     D. LAW, INC.
8                       1635 Pontius Avenue, Floor 2
                     Los Angeles, CA 90025-3361
9                       Tel: (424) 320-6420
                     Fax: (424) 320-6454
10                       Emil@d.law.com
                     Gregg@d.law.com
11                       Vanessa@d.law.com
                     Taylor@d.law.com
12                       *Attorneys for Plaintiff, Jahangir W. Ahmad*

13  ☑     **(VIA U.S. MAIL)**  In accordance with the regular mailing collection and processing
practices of this office, with which I am readily familiar, by means of which mail is
14          deposited with the United States Postal Service at Los Angeles, California that same
day in the ordinary course of business, I deposited such sealed envelope, with postage
15          thereon fully prepaid, for collection and mailing on this same date following ordinary
business practices, addressed as set forth above.
16

17  ☑     **(VIA ELECTRONIC MAIL)**  Pursuant to C.R.C. 2.251, I served the foregoing
document described by emailing to it each of the aforementioned electronic mail
18          addresses and the transmission was reported as complete and without error.  My email
address is dyana.estrada@klgates.com.
19

20      I declare under penalty of perjury under the laws of the State of California that the above is
true and correct.  Executed on **January 7, 2025,** at Los Angeles, California.

21                    _____

22                    Dyana Estrada

23

24

25

26

27

28

**EXHIBIT B**