GENE RYU, Bar No. 209104
Gene.Ryu@klgates.com
CARTER L. NORFLEET, Bar No. 318152
Carter.Norfleet@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: 310.552.5000
Fax No.:    310.552.5001

GREGORY T. LEWIS, Bar No. 323679
Greg.Lewis@klgates.com
K&L GATES LLP
2801 Vía Fortuna, Suite 650
Austin, TX 78746
Telephone: 512.482.6800
Fax No.:    512.482.6859


Attorneys for Defendant,
SHASTA BEVERAGES, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHANGIR W. AHMAD, on behalf of himself, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SHASTA BEVERAGES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. 2:25-cv-00212-GW-MAA <br><br> **DEFENDANT SHASTA BEVERAGES, INC.'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** <br><br> Hearing Date: February 20, 2025 <br> Time: 8:30 a.m. <br><br> All proceedings before Hon. Judge George Wu <br> Courtroom 9D <br><br> Action Filed: November 18, 2024 <br> Trial Date: None Set |

1    Pursuant to the Court's Order to Show Cause Re: Subject Matter Jurisdiction (the
2    "Order") (ECF No. 10), Defendant Shasta Beverages, Inc. ("Shasta") respectfully
3    submits this brief in support of its Notice of Removal and to confirm the Court possesses
4    subject matter jurisdiction over this matter.

5    Shasta's assumptions in its notice of removal are reasonable and supported by
6    both Ninth Circuit precedent and the underlying data. As explained in more detail
7    below, Mr. Ahmad's complaint alleges "pattern and practice" violations with respect to
8    overtime and minimum wage violations, making Shasta's assumptions in line with
9    Ninth Circuit precedents. Further, Mr. Ahmad alleges that Shasta "failed to always
10   comply" with meal and rest breaks laws—in other words, alleged a violation rate of
11   100%. Rather than relying on a violation rate of 100%, Shasta used a much more
12   conservative assumption of 20%. Further, should the Court still possess reservations
13   about the reasonableness of Shasta's assumptions, Shasta requests the opportunity to
14   provide evidence and formal briefing as required under case law.

15   **I.      The Assumptions Utilized By Shasta Were Reasonable Under Ninth**
16   **Circuit Precedent.**

17   In removal cases under the Class Action Fairness Act ("CAFA"), a "defendant's
18   notice of removal 'need not contain evidentiary submissions' but only plausible
19   allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d
20   920, 922 (9th Cir. 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197
21   (9th Cir. 2015)). "[N]o antiremoval presumption attends cases invoking CAFA," unlike
22   typical diversity jurisdiction cases. *Dart Cherokee Basin Operating Co. v. Owens*, 574
23   U.S. 81, 89 (2014). When a plaintiff fails to enumerate the amount of damages claimed
24   by the putative class, the removing defendant is not required to allege any amount—
25   only that the amount in controversy is met. *Harris v. HM Indus., Inc.*, 980 F.3d 694,
26   699 (9th Cir. 2020). If challenged, the defendant may rely on reasonable assumptions
27   to meet the amount in controversy. *Arias*, 936 F.3d at 922. "The district court should

28

weigh the reasonableness of the removing party's assumptions, not supply further assumptions of its own." *Harris*, 980 F.3d at 701.

Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989 (9th Cir. 2004), and *Arias* are particularly helpful in guiding the court as to the reasonableness of Defendant Shasta's assumptions. In *Jauregui.*, the Ninth Circuit reversed a remand order, finding that the district court failed to credit all of the assumptions set forth by the defendant in its notice of removal. 28 F.4th at 994–96. The Ninth Circuit noted that "the district court had *some* notion that removal under CAFA should be met with a level of skepticism and resistance," which was "incorrect." *Id.* at 993. The Ninth Circuit further noted that it was inappropriate to "demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy." *Id.* Instead, the removing party can rely "on a chain of reasoning that includes assumptions as long as the reasoning and underlying assumptions are reasonable." *Id.* (quotations omitted). The Ninth Circuit concluded that the defendant's assumptions regarding the violation rate *were reasonable* for the various relevant claims. *Id.* n.5 (emphasis added). These assumptions for the plaintiff's "pattern and practice" allegations included one hour of wages per workweek for the minimum wage claim; taking the approximate number of potentially unpaid overtime hours and multiplying it by the average hourly rate of pay for the overtime claim; and a 25% violation rate for meal and rest breaks. *See Jauregui v. Roadrunner Transp. Servs. Inc.*, No. 2:21-cv-04657-RGK-PD, 2021 WL 4100286 (C.D. Cal. Sept. 8, 2021), *reversed and remanded by Jauregui*, 28 F.4th 989.

Similarly, in *Arias*, the Ninth Circuit vacated the district court's *sua sponte* remand order, finding the court misapplied the defendant's burden of proof to establish reasonable assumptions for removal. 936 F.3d 920, 927 (9th Cir. 2020). The defendant in *Arias* utilized assumptions of 30 minutes per week of unpaid overtime that the defendant "routinely" failed to pay and a "conservative" estimate of one missed meal period per week. *Id.* at 923. The district court incorrectly found that jurisdiction did not exist, reasoning that the defendant's amount in controversy assumptions were

3

"'unpersuasive" and "rested on speculation and conjecture," as "equally valid assumptions" could be made such that the amount in controversy could not be met. *Id.* at 924. The Ninth Circuit vacated the district court's decision using the principles in *Ibarra* and other Ninth Circuit precedent. In doing so, the Ninth Circuit found that the assumptions the defendant employed in its removal notice were "plausible and may prove to be reasonable in light of the allegations in the complaint." *Id.* at 927. The Ninth Circuit stated that even a 100% violation rate may be reasonable in certain circumstances for "pattern and practice" violations. *Id.* (citing *Ibarra*, 775 F.3d at 1198–99). The Ninth Circuit further explained that "[a]n assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount.'" *Id.* It noted that because the amount in controversy is only an estimate, the removing defendant need only show that the "potential recovery '*could* exceed $5 million" to meet its burden *Id.* (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). The Ninth Circuit reasoned that the court's critique of the assumed violation rates as based on "'speculation and conjecture'" rested on the district court's imposition of a requirement that did not exist; the defendant need not prove it actually violated the law at an assumed rate. *Id.*

Here, the assumptions Shasta utilized in its notice of removal are analogous to the ones the Ninth Circuit found to be "reasonable" in *Jauregui* for "pattern and practice" cases and "plausible" in *Arias* for "routinely" cases. For the first and second causes of action (minimum wage and overtime), in addition to alleging violations occurred "consistently," Mr. Ahmad simultaneously alleges a "uniform company policy and practice" plus a "pattern, practice and uniform administration" of allegedly unlawful conduct. ECF No. 1-1, Ex. A, ¶¶ 40, 42, 54–55. Like the defendant in *Jauregui*, Shasta utilized a one-hour-per-week assumption based on Mr. Ahmad's allegation of a "uniform company policy and practice" plus a "pattern, practice and uniform administration" of allegedly unlawful conduct for the minimum wages claim.

Mr. Ahmad's overtime claim used the same allegations of a "uniform company policy and practice" plus a "pattern, practice and uniform administration" of allegedly unlawful conduct. Although the Court asks why a violation rate of one hour per month would not be reasonable, that is not the standard: Though another calculation *might* be plausible or reasonable, it does not change the fact that Shasta's assumption is equally plausible and reasonable. *See Arias*, 936 F.3d at 927 (reversing remand order after finding that a defendant's allegation that the complaint meets the amount in controversy requirement "is not defeated because it is equally possible that damages might be less than the requisite amount") (cleaned up). Thus, Shasta's estimate of only *one hour* of potential unpaid overtime per week is a reasonable assumption and meets its burden.

For the third and fourth causes of action, Mr. Ahmad alleged that as a matter of "established corporate policy," Shasta "failed to always" comply with meal and rest break requirements, including that "Defendants did not authorize and permit rest periods for shifts every four hours or major fraction thereof"—which describes a 100% violation rate. ECF No. 1-1, Ex. A, ¶¶ 69, 79. Although Mr. Ahmad's allegations justify a 100% violation rate, Shasta used only a 20% violation rate for meal and rest breaks, which, again, is consistent with the lesser language of "routinely" found in *Arias*.

With these standards from the Ninth Circuit in mind, even if this Court completely omits the meal and rest break violations and attorneys' fees, Shasta has in fact alleged an amount in controversy exceeding $5 million:

| | |
|---|---|
| Unpaid Overtime and Minimum Wages | $3,913,000 |
| Failure to Pay Wages on Termination | $546,000 |
| Failure to Provide Accurate Itemized Statements | $1,600,000 |
| **Total** | $6,059,000 |

Therefore, Shasta has employed reasonable assumptions in pleading the Court's subject matter jurisdiction.

**II.    Alternatively, Shasta Requests the Opportunity to Present Evidence
to Support the Reasonableness of Its Assumptions.**

If the Court disagrees with the precedent confirming that Shasta's assumptions
are reasonable, Shasta still must have an opportunity to provide the Court with evidence
supporting the assumptions it made. *Arias*, 936 F.3d at 925 (quoting *Dart Cherokee*,
574 U.S. at 89). If a defendant's allegations are contested, "'both sides submit proof
and the court decides, by a preponderance of the evidence, whether the amount-in-
controversy requirement has been satisfied.'" *Id.* (quoting *Dart Cherokee*, 574 U.S. at
89). A party must have "'a fair opportunity to submit proof'" prior to the court's remand.
*Id.* (quoting *Ibarra*, 775 F.3d at 1200).

Here, if the Court is not satisfied with the above analysis responsive to its Order,
or requires further jurisdictional analysis for any other reason, Shasta respectfully
requests a formal opportunity to submit briefing with evidence in accordance with *Arias*
and *Ibarra*. If the Court allows such, Shasta can provide data that will further support
its assumptions.

For example, Shasta currently assumes one hour of minimum wages and one hour
of overtime wages per workweek from the start and end date of the putative class period.
ECF No. 1, ¶ 29. As Mr. Ahmad is the purported class representative, Shasta can
extrapolate his data to the remainder of the approximately 400 putative class members.
*See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (identifying Rule 23's
requirement for typicality as requiring the named party's claims to be "typical" of the
purported class"). In reviewing Mr. Ahmad's data, he worked an average of 45.57 hours
per week. *See* Declaration of Maria Iglesias, ¶ 4. As such, it is reasonable to assume
that other members of the class worked 5.57 hours of overtime a week as the underlying
basis for any assumptions. The assumptions Shasta made in its notice of removal are
significantly more conservative than Mr. Ahmad's data. If Shasta was to perform the
same calculations it did in the notice of removal using Mr. Ahmad's data and using the
lowest state-mandated minimum wage across the relevant period ($13.00/hour) instead

6

of Mr. Ahmad's base regular rate of pay, the overtime estimate for the class would increase from $1,677,000.00 to $9,340,000.00 ($13.00 x 5.57 hours per week x 1.5 overtime premium x 86,000 workweeks).

Accordingly, on this one claim alone, using Mr. Ahmad's data as the underlying rationale for its assumptions, Shasta has demonstrated the Court possesses subject matter jurisdiction over this case. Shasta provides this one example to show that its assumptions are, indeed, reasonable based on both precedential case law and Mr. Ahmad's own underlying data. If the Court wishes, Shasta can use Mr. Ahmad's data to provide additional data points with any formal briefing and request for further evidence. Such formal briefing is particularly appropriate in light of Mr. Ahmad's responsive brief filed today, which appears to contain new factual allegations supporting the claims in his Complaint[1]—including the theories behind such claims. *See* ECF No. 13. For example, Mr. Ahmad alleges that Shasta's failure to "calculate overtime pay using all such applicable rates of pay" in relation to its "failure to pay the members of the Overtime Rate Class for all work accomplished in excess of forty (40) hours per week" is that Shasta allegedly did not combine the two straight time rates for Mr. Ahmad. *Compare* ECF No. 1-1, Ex. A, ¶ 54 *with* ECF No. 13 at 5. Shasta has not yet had a formal opportunity to respond to Mr. Ahmad's contentions set forth in that brief or his supporting evidence, which Ninth Circuit precedent requires before remanding a case.

### III.    CONCLUSION

For the reasons set forth above, Shasta respectfully requests the Court find that it has subject matter jurisdiction over this case. In the alternative, if the Court requires additional information, Shasta requests the opportunity to formally provide additional evidence and briefing.

---

[1] Mr. Ahmad's Complaint lacks a "Factual Allegations" section entirely and in most Cause of Action sections simply provides threadbare allegations supporting each Cause of Action. *See generally* ECF No. 1-1, Ex. A.

7

1    Dated:    February 7, 2025                    K&L GATES LLP

2

3                                                 By:/s/ *Gene Ryu*
                                                     Gene Ryu
4                                                    Carter L. Norfleet
                                                     Gregory T. Lewis
5                                                    Attorneys for Defendant
                                                     SHASTA BEVERAGES, INC.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S BRIEF IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION

## PROOF OF SERVICE

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 2801 Vía Fortuna, Suite 650, Austin, Texas 78746, which is located in Travis County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached documents:

**DEFENDANT SHASTA BEVERAGES, INC.'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

on the interested parties in this action, addressed as follows:

*Attorneys for Plaintiff Jahangir W. Ahmad:*

Emil Davtyan, Esq.

Gregg Lander, Esq.

Vanessa M. Ruggles, Esq.

Taylor B. Keaster, Esq.

**D.LAW, INC.**

1635 Pontius Avenue, Floor 2

Los Angeles, CA 90025-3361

Telephone: (424) 320-6420

Fax: (424) 320-6454

 **X** **VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

By:    */s/ Gregory T. Lewis*
Gregory T. Lewis