David Yeremian (SBN 226337)
d.yeremian@d.law
Arsiné Grigoryan (SBN 319517)
a.grigoryan@d.law
**D.LAW, INC.**
450 N Brand Blvd., Suite 840
Glendale, California 91203
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

*Attorneys for* Plaintiff

Gene Ryu (SBN 209104)
gene.ryu@klgates.com
Carter L. Norfleet (SBN 318152)
Carter.norfleet@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

*Attorneys for* Defendant

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAHANGIR W. AHMAD, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHASTA BEVERAGES, INC., a Delaware corporation; and Does 1 to 50, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-00212-GW-MAA<br><br>**JOINT RULE 26(f) REPORT**<br><br>Honorable George H. Wu<br>Courtroom 9D<br><br>Rule 26(f) Conference: Not set<br><br>Action filed: November 18, 2024<br>Trial date: None Set |

Plaintiff Jahangir W. Ahmad ("Plaintiff") and Defendant Shasta Beverages, Inc. ("Defendant") (together, the "Parties"), by and through their respective counsel, hereby jointly submit the following Joint Report:

As an initial matter, the Court has yet to schedule a Rule 26(f) Conference.

**A. STATEMENT OF THE CASE**

Plaintiff's Statement:

On November 18, 2024, Plaintiff filed a putative wage and hour class action alleging Defendant: (1) failed to pay all wages; (2) failed to pay all overtime wages at the legal rate of overtime pay; (3) failed to provide all meal periods; (4) failed to authorize and permit all paid rest periods; (5) derivately failed to timely furnish accurate itemized wage statements; (6) independently failed to timely furnish accurate itemized wage statements; (7) violated Labor Code sections 201 and 202; and (8) engaged in unfair business practices. After removal by Defendant and denial of remand by the Court, Plaintiff amended to (1) add additional facts (per Defendant's request) and (2) added a PAGA cause of action.

Plaintiff's claims arise from Defendant's policies, practices, and/or procedures. Plaintiff seeks to represent a proposed class of non-exempt employees who worked for Defendant.

Defendant's Statement:

This action is fundamentally flawed and procedurally barred in significant part by the prior class and Private Attorneys General Act ("PAGA") settlement in *Suleyda Farias v. Shasta Beverages, Inc.*, Los Angeles County Superior Court Case No. 19STCV38350 ("*Farias*"). The *Farias* settlement—covering the period from **October 22, 2015 through August 17, 2023**—has a clear preclusive effect on Plaintiff Ahmad's claims, as he was a **member of that prior settlement class**. Plaintiff and his counsel should have acknowledged that prior settlement and its

impact on this case in their pleadings but failed to do so. Beyond that threshold defect, numerous other factors further undermine the viability of this action as a class or representative PAGA proceeding.

For example, members of this proposed class executed binding arbitration agreements requiring individual adjudication of their claims. In addition, valid second meal period waivers exist for at least some of the alleged putative class. Since the *Farias* settlement, Defendant has ensured continued compliance with all wage-and-hour requirements. Notably, Plaintiff Ahmad himself was disciplined for failing to adhere to Defendant's procedures for taking required meal and rest breaks, further undermining his credibility and adequacy as a class representative.

Likewise, Plaintiff's class definition/class period is overbroad, especially given that the prior class action/PAGA settlement resolved the causes of action in this present case at the very least through August 17, 2023. Plaintiff was a member of that prior class action/PAGA settlement and should have disclosed this to the Court and taken this into account during the pleading stage of this lawsuit.

Moreover, Plaintiff's claims are substantively flawed. Plaintiff's theories of liability arise from individualized experiences and are not common across the amorphous class. Due in part to the over broad definition of the putative class/class period, this First Amended Complaint ("FAC") is unmanageable and lacks sufficient commonality to be adjudicated on a class/representative PAGA basis.

Defendant denies each and every allegation and cause of action in the FAC,

including but not limited to, the following allegations asserted by Plaintiff: (1) failure to pay all wages; (2) failure to pay all overtime wages at the legal overtime pay rate; (3) failure to provide all meal periods; (4) failure to authorize and permit all rest periods; (5) derivative failure to timely furnish accurate itemized wage statements; (6) independent failure to timely furnish accurate itemized wage statements; (7) violations of California Labor Code Sections 201-202; (8) penalties under labor code Section 2699 (PAGA); and (9) unfair business practices.

Defendant further asserts that all of Plaintiff's claims for wage and hour violations lack merit. Defendant at all times provided Plaintiff and the putative class members with the opportunity for full and timely meal and rest periods as required under California law. Defendant also compensated Plaintiff and all putative class members in a full and timely manner during employment and upon separation of employment. In addition, all itemized wage statements issued to Plaintiff and/or the putative class members were in full compliance with Labor Code section 226.

Defendant's policies and practices require employees, including Plaintiff, to clock in at the beginning of each shift, prior to commencing work, and to clock out at the end of each shift after completing work. Defendant denies that it suffers or permits employees to perform any work before clocking in or after clocking out. Defendant further contends that its premium pay calculations comply with applicable California law.

Defendant further denies that it is liable to Plaintiff and/or the putative class under any theory. Defendant maintains that its policies and practices were compliant and do not violate any provision of the applicable IWC Wage Order(s) or requirement under California or Federal law. Defendant further denies that this action is proper for treatment as a class/representative action.

Finally, for these same reasons, Plaintiff is an inadequate putative class representative.

**B. SUBJECT MATTER JURISDICTION**

<u>Plaintiff's Statement:</u>

On January 8, 2025, Defendant removed this action to federal court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. sections l332(d), 1441, and 1446. The Court ultimately denied plaintiff's motion to remand.

<u>Defendant's Statement:</u>

On January 8, 2025, Defendant removed this Action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(a), 1332(d), 1441, & 1446. The Court has determined that jurisdiction is proper in the United States District Court, Central District of California.

**C. LEGAL ISSUES**

<u>Plaintiff's Statement:</u>

The legal issues identified by Plaintiffs in this action are:

- Whether Defendant maintained a policy or practice of failing to provide employees with their rest periods;
- Whether Defendant maintained a policy or practice of failing to provide employees with their meal periods;
- Whether Defendant failed to pay all overtime hours worked at the appropriate legal rate of pay;

- Whether Defendants failed to pay premium wages to class members when they have not been provided with meal and rest periods at the appropriate rates of pay;
- Whether Defendant failed to pay minimum and/or overtime wages to class members for all time worked;
- Whether Defendant failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;
- Whether Defendant applied policies or practices that result in late and/or incomplete final wage payments;
- Whether Defendant are liable to class members for waiting time penalties under Labor Code section 203; and
- Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition.

Defendant's Statement:

Defendant first contends that the prior *Farias* class action/PAGA settlement , bars any and all claims asserted in this action by Plaintiff and the putative class at least through August 17, 2023.

The next major legal issue will be whether Plaintiff's claims are suitable for class treatment pursuant to Fed. R. Civ. Proc. 23:

1. Whether there is sufficient adequacy to proceed on a class action basis;

2. whether there are common questions of law or fact shared by all alleged putative class members;

3. whether the claims of Plaintiff are typical of the claims or defenses of the entire alleged putative class;

4. whether Plaintiff is an adequate class representative;

5. whether the class is so large that joining all individual members would be impossible or impractical; and

5. whether any of the putative class members are required to arbitrate their claims due to signing binding arbitration agreements.

Finally, the Parties will need to determine whether the Plaintiff and/or any putative class members have voluntarily settled and/or released all or one or more of the purported causes of action and, under the terms of such settlements and/or releases, are barred from pursuing all or one or more of such purported causes of action.

**D. PARTIES, EVIDENCE, ETC.**

Plaintiff's Statement:

The Parties in this action are Plaintiff Jahangir W. Ahamd and Defendant Shasta Beverages, Inc., and all individuals employed by Defendant in hourly, non-exempt, positions in California during the 4-year statutory period of this suit. Plaintiff and Class Counsel are identified on the caption page of this Report.

Plaintiff's claims allege various wage-and-hour violations during his employment with Defendant. Plaintiff's witnesses will be any current and former employees of Defendant who were present and aware of the claims within any applicable class period. Key evidence will include Defendant's policies applicable to the claims alleged during the operative time periods, class-wide contact information, and time and payroll records. Key documents will also include documents relating to Plaintiff's and Class Members' employment.

Defendant's Statement:

Defendant contends that Plaintiff is an inadequate class representative and reserves the right to move to disqualify Plaintiff as the class representative, especially in light of the prior *Farias* class action/PAGA settlement.

Further, Defendant anticipates identifying the following via initial disclosures:

1. Plaintiff's personnel file;
2. Plaintiff's time records;
3. Plaintiff's payroll records;
4. meal break waivers;
5. arbitration agreements;
6. the *Farias* long-form settlement agreement, which is publicly available;
7. relevant policies applicable to Plaintiff's employment; and

percipient witnesses relevant to Plaintiff's claims and Defendant's defenses.

**E. DAMAGES**

<u>Plaintiff's Statement:</u>

Plaintiff asserts claims for unpaid wages (including overtime and premium pay), penalties, interest, attorney's fees, and costs which cannot be computed at this time as litigation is ongoing. Plaintiff is not able to estimate the damages at this time since he has not been provided with the putative class members' records. Plaintiff asserts that once liability is determined, the damages can be calculated by analyzing the time and pay records as well as surveys to determine the amounts owed, following certification.

<u>Defendant's Statement:</u>

Defendant denies that it is liable to Plaintiff and/or the putative class for damages under any theory and therefore is not liable for any damages.

Further, a prior *Farias* settlement bars the claims and alleged damages asserted in this present action at least through August 17, 2023.

**F. INSURANCE**

The Parties are unaware of any insurance that applies to this action.

**G. MOTIONS**

<u>Plaintiff's Statement:</u>

Plaintiff does not presently intend to add other parties or claims, but reserves his right to do so via stipulation or motion practice, if necessary. The hearing on Plaintiff's Motion for Class Certification ("MCC") has already been set by the Court at the time of the hearing on Plaintiff's remand motion. Therefore, Plaintiff will be submitting a MCC, as well as any necessary discovery motions prior to filing his MCC.

<u>Defendant's Statement:</u>

At this time, Defendant intends to oppose class certification, move the Court to exclude any claims and class members included in the prior class action/PAGA settlement under any of Defendant's asserted Affirmative Defenses, move to disqualify Plaintiff as a class representative, motions to add other parties or claims, and/or to file amended pleadings.

**H. MANUAL FOR COMPLEX LITIGATION**

<u>Plaintiff's Statement:</u>

Plaintiff believes that this case is complex and that there is a need to utilize the Manual for Complex Litigation.

<u>Defendant's Statement:</u>

This is a complex putative wage and hour class action involving claims for unpaid wages, missed meal and rest periods, and PAGA penalties, among other issues. The case should be treated as complex but Defendant does not believe the procedures of the Manual for Complex Litigation is necessary at this time.

**I. STATUS OF DISCOVERY**

<u>Plaintiff's Statement:</u>

Plaintiff has not yet served discovery.

<u>Defendant's Statement:</u>

The Parties have not yet engaged in discovery.

**J. DISCOVERY PLAN**

<u>Plaintiff's Statement:</u>

Given the short time frame for class certification, Plaintiff proposes that the Parties agree to complete initial disclosures by October 15, 2025.

Plaintiff proposes the Parties engage in discovery regarding the propriety of class certification first.

Plaintiff does not see any need for limitations or modifications of the discovery rules.

Plaintiff intends to propound written discovery and conduct depositions of party witnesses more specifically as follows:

- Request for Production of Documents:
    - Documents related to Plaintiff's hours, punch times, and compensation during his employment;
    - Documents related to Defendant's policies and procedures regarding calculation of worked hours;
    - Documents related to Defendant's policies and procedures regarding clocking in and out;
    - Punch history of the class members during the class period;
    - Documents related to Defendant's policies and procedures regarding meal and rest periods;
    - Documents related to Defendant's policies and procedures for determining what information to include on wage statements, including compensation rates and time worked; and
    - Documents related to Defendant's policies and procedures regarding payment of final wages.

/ / /

/ / /

/ / /

- Interrogatories:
    - Explanation/description of Defendant's policies and procedures regarding calculation of worked hours;
    - Explanation/description of Defendant's policies and procedures regarding clocking in and out;
    - Explanation/description of Defendant's policies and procedures regarding meal and rest periods;
    - Explanation of Defendant's policies and procedures for determining what information to include on wage statements, including compensation rates and time worked;
    - Names and contact information of the putative class members during the class period; and
    - Explanation of Defendant's policies and procedures regarding payment of final wages.
- Depositions
    - PMK re: Defendant's policies and procedures regarding calculation of worked hours;
    - PMK re: Defendant's policies and procedures regarding clocking in and out;
    - PMK re: Defendant's policies and procedures regarding meal and rest periods;
    - PMK re: Defendant's policies and procedures regarding wage statements and information included on wage statements; and
    - PMK re: Defendant's policies and procedures regarding payment of final wages.

Defendant's Statement:

The Parties further agree that the scope of discovery will be in accordance with Federal Rule of Civil Procedure Rule 26(b). Initial disclosures will be

exchanged on October 15, 2025.

Defendant respectfully requests that this Court bifurcate discovery in this matter, such that pre-certification discovery will be limited to that information necessary for Plaintiff's anticipated motion for class certification. Bifurcation of discovery not only reduces a waste of judicial and party resources by narrowing the scope of discovery to issues germane to certification, but also better preserves the privacy of absent third-parties.

Defendant intends on serving sets of interrogatories, requests for admission, and requests for production. Defendant further anticipates the need for a Belaire-West Opt-Out Notice. Defendant will take the deposition of Plaintiff and other potential fact witnesses that Plaintiff may identify in connection with his claims. Defendant proposes a stipulation for a protective order and a protocol governing Electronically Stored Information ("ESI").

**K. DISPOSITIVE MOTIONS**

<u>Plaintiff's Statement:</u>

Plaintiff is not currently aware of any issues or claims that may be determined by dispositive motions, but that could change as discovery continues and the Parties develop their understanding and theories of the case. If Defendant files a motion for summary judgment or partial summary judgment, Plaintiff's position is that he would need at least thirty (30) days to file an Opposition to such motion. Plaintiff is willing to meet and confer about possible enlarged briefing and hearing schedules for any dispositive motions.

/ / /

Defendant's Statement:

Defendant anticipates filing a motion to disqualify Plaintiff as a class representative, for pretrial partial summary judgment once it has had the opportunity to conduct written discovery and take certain depositions, as well as a motion to bifurcate the issue of punitive damages from the trial on liability and compensatory damages. Defendant, however, reserves the right to change such positions based on what might be revealed during the discovery process.

**L. SETTLEMENT**

Plaintiff's Statement:

There have been no settlement discussions between the Parties. Plaintiff believes that this case is suitable for private mediation.; however, given the tight timeframe for the filing of Plaintiff's class certification motion (currently set for January 29, 2026 pursuant to Local Rule 6-1), Plaintiff believes private mediation to not be an option.

Defendant's Statement:

The Parties have not engaged in substantive settlement discussions regarding the class and PAGA claims asserted in this matter. If it becomes evident to the Parties that a mediation would be suitable for this matter, the Parties will update the Court as soon as possible.

**M. CONSENT TO MAGISTRATE JUDGE**

The Parties do not agree to try the case before a Magistrate Judge.

**N. TRIAL ESTIMATE**

Plaintiff's Statement:

Plaintiffs estimate the trial will take between 14-21 days depending on the scope of the issues to be tried after the resolution of any dispositive motions. Plaintiff has requested a jury trial.

///

///

Defendant's Statement:

This is a complex putative wage and hour class action involving claims for unpaid wages, missed meal and rest periods, and PAGA penalties, among other issues. Defendant anticipates substantial discovery and motion practice, including a class certification motion that will significantly impact the scope of trial. The Parties anticipate a high level of witnesses and documents to be presented at trial. With that said, Defendant estimates that this case will require 3-5 days of trial should a class not be certified, and 21-25 days for a certified class action trial.

## O. TRIAL COUNSEL

Plaintiff's Statement:

Trial Counsel for Plaintiff in the trial will be David Yeremian and Arsiné Grigoryan of D. Law, Inc., and such associates of that firm who may assist them with trial, who have yet to be determined.

Defendant's Statement:

Defendant's trial counsel will be Penny Chen Fox, Gene Ryu, and Carter Norfleet of K&L Gates LLP, as well as such yet to be determined associates of K&L Gates LLP

## P. INDEPENDENT EXPERT

Plaintiff's Statement:

The Parties do not believe it is necessary for the Court to appoint an independent expert or master at this time.

## Q. TIMETABLE

The Parties agree that it is premature to set a schedule for trial or pretrial proceedings until after a ruling on Plaintiff's motion for class certification.

## R. OTHER ISSUES

The Parties are currently unaware of any other issues affecting the status or management of the case, including any issues that may tend to make this case unusual, challenging, or difficult.

Dated: October 9, 2025             **D.LAW, INC.**

By: ___*Arsiné Grigoryan*___
David Yeremian, Esq.
Arsiné Grigoryan, Esq.

*Attorneys for* Plaintiff

Dated: October 9, 2025             **K&L GATES LLP**

By: ___/s/ Carter L. Norfleet___
Gene Ryu, Esq.
Penny Chen Fox, Esq.
Carter L. Norfleet, Esq.

*Attorneys for* Defendant